25825.  SOUTHERN RAILWAY COMPANY *et al. v.* LEE.

DECIDED MARCH 3, 1937.

*Neely, Marshall & Greene, B. H. Burgess, W. Neal Baird,* for plaintiffs in error.

*Smith, Smith & Bloodworth, Scott Candler, R. E. Lee Field,* contra.

BROYLES, C. J.  "It may be now considered as settled that this court will not, under any circumstances, reverse a judgment granting a first new trial, whether the grant be general upon all the grounds of the motion or special upon one or more grounds only, or whether it be upon a ground which involves questions of evidence or upon a ground which involves purely questions of law; unless it is made to appear that no other verdict than the one rendered could possibly have been returned under the law and facts of the case.  Unless the case can be brought within the exception just stated, it is useless for parties to bring before this court the judgment of a trial judge granting a first new trial." *Weinkle* v. *B. & W. R. Co.,* 107 *Ga.* 367 (33 S. E. 471) ; *Parks* v. *Stevens,* 21 *Ga. App.* 180 (94 S. E. 60), and cit.  The instant case was a suit for damages against the railway company, for the homicide of the plaintiff's daughter.  A verdict in favor of the defendant was returned, and the court granted a new trial.  The defendant excepted to the judgment, contending that the verdict rendered was *demanded* by the evidence upon either of two theories: (1) "that the undisputed evidence shows that the decedent could, by the exercise of ordinary care, have avoided the consequences of the negligence of the defendant, if any existed;" and (2) "that the undisputed evidence disclosed that the plaintiff was not dependent upon the decedent."  While the verdict was amply authorized by the evidence, this court can not hold as a matter of law that it was

demanded by the evidence on either of the above-stated theories; and the judgment excepted to, being the grant of a first new trial, must be        *Affirmed.   MacIntyre and Guerry, JJ., concur.*